UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AUDRAIN JONES,<br><br>      Petitioner,<br><br>      v.<br><br>WARDEN,<br><br>      Respondent. | CAUSE NO. 3:22-CV-872-MGG |

OPINION AND ORDER

Audrain Jones, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-4-132) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of assaulting an inmate in violation of Indiana Department of Correction Offense 117. Following a disciplinary hearing, he was sanctioned with a loss of one hundred days eighty days earned credit time and a demotion in credit class.

Jones argues that he is entitled to habeas relief because he did not receive adequate notice of the disciplinary charges against him. He asserts that the conduct report was ambiguous, indicating that he battered both an inmate and a correctional officer and that he was charged with both "Battery on Offender" and under "Offense 117," which pertains to battery on staff. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "The notice should inform the

inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003).

The conduct report indicates that Jones threw hot water that landed on both another inmate and a correctional officer. ECF 8-1. To Jones' point, the conduct report, standing alone, is ambiguous as to whether its focus was on the other inmate or the correctional officer. However, this conduct report was issued along with another conduct report that unequivocally focused on the correctional officer (ECF 1-1 at 4), and this context strongly suggests that the focus of the ambiguous conduct report was the inmate. Moreover, even assuming that Jones could not discern the subject of the ambiguous conduct report, it is unclear how the ambiguity harmed Jones' ability to prepare a defense. The conduct report indicates that Jones battered two people in a single act, and Jones identifies no defense that he could have presented at the hearing that would have applied to only one of the victims. Therefore, the claim that Jones received inadequate notice is not a basis for habeas relief.

Jones argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that a single hearing officer is not capable of rendering an impartial decision and that a decision by committee is required. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* There is no indication that the hearing officer was

involved in the underlying incident. Further, Jones does not explain why he believes that a single hearing officer could not render an impartial decision, nor does he cite any legal authority to support this proposition. As a result, the claim of improper bias is not a basis for habeas relief.

Jones further argues that correctional staff violated his right against double jeopardy by punishing him twice for the same offense. He reasons that correctional staff punished him twice for a single act of battery by issuing separate conduct reports and sanctions for each of the two victims. "[D]ouble jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004); *see also Decker v. Bell*, 772 F. App'x 339, 341 (7th Cir. 2019); *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Therefore, the argument that Jones was subjected to double jeopardy is not a basis for habeas relief.

Jones argues that he is entitled to habeas relief because he did not receive a hearing within timeframe set forth by departmental policy. Hearings within a particular timeframe are not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Additionally, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that

3

prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

If Jones wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Audrain Jones leave to appeal in forma pauperis.

SO ORDERED on March 3, 2023

s/ Michael G. Gotsch, Sr.<br>
Michael G. Gotsch, Sr.<br>
United States Magistrate Judge